IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | | |
|---|---|---|
| DAVID L. HAMM, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:13-cv-00059 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | By:   Joel C. Hoppe |
|     Defendant. | ) | United States Magistrate Judge |

**REPORT AND RECOMMENDATION**

Plaintiff David L. Hamm brought this action for review of the Commissioner of Social Security's (the "Commissioner") decision denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381–1383f. This Court has authority to decide Hamm's case under 42 U.S.C. § 1383(c)(3), and his case is before me by referral under 28 U.S.C. § 636(b)(1)(B). ECF No. 12. After considering the administrative record, the parties' briefs and oral arguments, and the applicable law, I find that remand for consideration of new evidence is appropriate. Therefore, I recommend that the Court remand this case to the Commissioner under sentence six of 42 U.S.C. § 405(g).

I. Standard of Review

The Social Security Act authorizes this Court to review the Commissioner's final determination that a person is not entitled to disability benefits. *See* 42 U.S.C. § 1383(c)(3); *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). The Court's role, however, is limited—it may not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of agency officials. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). Instead, the Court asks only whether the ALJ applied the correct legal standards and whether

1

substantial evidence supports the ALJ's factual findings. *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla" of evidence, *id.*, but not necessarily "a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence review takes into account the entire record, and not just the evidence cited by the ALJ. *See Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir. 1984); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–89 (1951). Ultimately, this Court must affirm the ALJ's factual findings if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

A person is "disabled" if he or she is unable engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). Social Security ALJs follow a five-step process to determine whether an applicant is disabled. The ALJ asks, in sequence, whether the applicant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals an impairment listed in the Act's regulations; (4) can return to his or her past relevant work based on his or her residual functional capacity; and if not (5) whether he or she can perform other work. *See* 20 C.F.R. § 416.920(a)(4); *Heckler v. Campbell*,

461 U.S. 458, 460–62 (1983). The applicant bears the burden of proof at steps one through four. *Hancock*, 667 F.3d at 472. At step five, the burden shifts to the agency to prove that the applicant is not disabled. *See id.*

## II. Procedural History

Hamm protectively filed for SSI on December 30, 2008. Administrative Record ("R.") 26. He was 48 years old and qualified as a "younger person" under 20 C.F.R. § 416.963(c). R. 34. Hamm had worked as a farm laborer, furniture packer and loader, tire hanger, metal fabricator helper, woodworking machine operator, loader operator, and building maintenance laborer. *Id.* He alleged disability beginning December 15, 2009,[1] because of a back injury. R. 84. A state agency denied his applications initially and on reconsideration. R. 26.

Hamm appeared with counsel at an administrative hearing on August 20, 2010. *Id.* He testified to his prior work history, alleged impairments, and limitations in daily activities. R. 44–60. A Vocation Expert ("VE") testified to the types of jobs Hamm might perform given his age, education, work history, and physical limitations. R. 60–67.

In a written decision dated October 29, 2010, the ALJ found that Hamm was not disabled under the Act. R. 35. He found that Hamm had not engaged in substantial gainful activity since his application date and that he suffered from the severe impairments of a back disorder and chronic obstructive pulmonary disease ("COPD"), neither of which met or equaled a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 28–29. He then determined that Hamm had the

---

[1] Hamm originally alleged disability beginning on October 1, 2008. R. 188. At his administrative hearing, Hamm amended his alleged onset date to November 4, 2008. R. 26. In a letter to the ALJ dated the same day as the hearing, Hamm further amended his alleged onset date to December 15, 2009. The ALJ did not incorporate the second amendment into this opinion and based his analysis on an alleged onset date of November 4, 2008. R. 26. This error is harmless first because the ALJ evaluated the full record including the time after Hamm's second alleged onset date and secondly because when the Appeals Council affirmed the ALJ's opinion, it evaluated Hamm's case based upon the later alleged onset date of December 15, 2009. R. 10.

3

residual functional capacity ("RFC")[2] to perform light work[3] except that he can only occasionally climb, kneel, and crawl and he should avoid respiratory irritants and concentrated exposure to workplace hazards. R. 29–34. The ALJ found that with this RFC, Hamm was unable to perform any of his past relevant work, but was able to perform jobs that exist in significant numbers in the national economy, such as housekeeper, cafeteria attendant, and assembler. R. 34–35. He therefore found that Hamm was not disabled and denied his application. R. 35.

The Appeals Council granted review of Hamm's application. R. 8. Hamm submitted additional medical records to the Appeals Council, which it determined were about a later time and returned to him. *Id.* In a written decision issued June 6, 2012, the Appeals Council agreed with the ALJ's decision at each of the five steps and adopted his finding that Hamm was not disabled under the Act. R. 8–11. This appeal followed.

### III. Discussion

Hamm requests reversal of the Commissioner's decision, arguing that the ALJ's RFC determination goes against the weight of the evidence, especially as it does not conform to the opinion of his treating physician, which he asserts the ALJ improperly weighed. Pl. Br. 10–15. Alternatively, Hamm requests that this Court remand his case for consideration of the additional evidence he submitted to the Appeals Council and with this appeal.[4] *Id.* at 8–10.

---

[2] "RFC" is an applicant's ability to work "on a regular and continuing basis" despite his or her limitations. SSR 96-8p, 1996 WL 374184, at *1 (Jul. 2, 1996). The RFC takes into account "all of the relevant medical and other evidence" in the applicant's record, 20 C.F.R. § 416.945(a), and reflects the "total limiting effects" of the person's impairments, *id.* § 416.945(e).

[3] "Light work" involves "lifting no more than 20 pounds at a time" but "frequently" lifting or carrying objects weighing up to 10 pounds. 20 C.F.R. § 416.967(b). Work in this category often requires "a good deal of standing or walking." *Id.* A person who can perform light work generally can also perform "sedentary" work. *Id.*

[4] Hamm raises other issues in his brief which I do not consider as I find that remand is appropriate under sentence six of 42 U.S.C. § 405(g). *See Riley v. Apfel*, 88 F. Supp. 2d 572, 576

4

Considering just the evidence before the ALJ, I cannot fault his evaluation of Hamm's treating physician's opinion. An ALJ must give a treating-source opinion "controlling weight" if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in the record." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001); 20 C.F.R. § 416.927(c)(2). An ALJ may reject a treating physician's opinion in whole or in part if there is "persuasive contrary evidence" in the record. *Hines v. Barnhart*, 453 F.3d 559, 563 n.2; *Mastro*, 270 F.3d at 178. When an ALJ gives less than controlling weight to a treating physician's opinion, he or she must specify the weight given to the opinion and offer "good reasons" for that decision. 20 C.F.R. § 416.927(c)(2).

Hamm alleges that his back pain began on November 4, 2008, when a truck he was working on fell on him. R. 301–05. Dr. Mohammad Athar, M.D., is a primary care physician who began seeing Hamm on December 8, 2009. R. 355. On August 16, 2010, Dr. Athar completed a checkbox form in which he opined that Hamm could sit, stand, and walk for two hours in an eight-hour workday, could not lift even ten pounds, and would have bad days causing him to be absent from work more than four times a month. R. 424–25. The ALJ rejected Dr. Athar's opinion, stating that it was "not supported by the longitudinal record." R. 34.

The diagnostic findings, physical examinations, and other medical opinions in the record support the ALJ's reasoning. X-rays and an MRI of Hamm's back revealed evidence of an old compression fracture at L1-L2 and a disc protrusion at L5-S1, but only mild degenerative changes with no definite nerve compression. R. 368–71. Hamm's treatment has been conservative, consisting of medication and physical therapy. *See* R. 355–55 (Dr. Athar's notes documenting medication), 377–84 (physical therapy notes). While Dr. Athar's own notes are

---

(W.D. Va. 2000) (Kiser, J.) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991)) ("A sentence-six remand includes no ruling as to the correctness of the administrative determination.").

cursory, largely illegible, and do not contain records of physical examination, examination by other doctors has produced only mild to moderate findings. *See* R. 331–34 (finding mild reduction in range of motion, negative straight leg raise, and adequate strength and reflexes), R. 377 (finding moderate reduction in range of motion, positive straight leg raise in left but not right leg, and mild strength deficiencies).

Additionally, the findings and opinion of Dr. Thomas A. Sweasey, M.D., do not support the severe restrictions Dr. Athar's opinion suggests. At Dr. Athar's request, Dr. Sweasey performed a neurological evaluation of Hamm on March 11, 2010, and recommended that Hamm continue conservative treatment rather than undergo surgery. R. 420–22.

Dr. Athar's opinion of Hamm's functional capabilities was more restrictive than that found by consulting physician Dr. William Humphries, M.D. Dr. Humphries examined Hamm on March 23, 2009, four months after his accident and nine months before Hamm's amended alleged onset date of December 15, 2009. R. 330–34. Dr. Humphries performed a detailed physical examination and opined that Hamm could sit, stand, or walk six hours in an eight-hour workday, lift twenty-five pounds occasionally and ten pounds frequently, and occasionally climb, kneel, or crawl. R. 333.

With this record in front of him, the ALJ's decision to reject Dr. Athar's opinion has ample support. The same evidence that undermines Dr. Athar's opinion also supports the ALJ's RFC determination that Hamm could perform light work. The primary consideration for this Court, however, is whether the additional evidence Hamm provided to the Appeals Council would have changed the ALJ's analysis or whether it was properly rejected.

When a claimant appeals an ALJ's ruling, the Appeals Council first procedurally decides whether to grant or deny review. *Davis v. Barnhart*, 392 F. Supp. 2d 747, 750 (W.D. Va. 2005).

6

Case 4:13-cv-00059-JLK-JCH   Document 22   Filed 12/23/14   Page 6 of 12   Pageid#: 633

In doing so, the Appeals Council must consider any additional evidence that is new, material, and related to the period on or before the date of the ALJ's decision. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95 (4th Cir. 1991) (en banc) (citing 20 C.F.R. § 404.970(b)); *see also* SSR 13-3p, 2013 WL 785484, at *1 (Feb. 21, 2013). "Evidence is 'new' if it is not duplicative or cumulative, and is material 'if there is a reasonable possibility that the new evidence would have changed the outcome.'" *Davis*, 392 F. Supp. 2d at 750 (quoting *Wilkins*, 953 F.2d at 95–96).

In this case, the Appeals Council determined that Hamm's additional evidence did not affect the determination of his disability and returned the evidence to Hamm pursuant to 20 C.F.R. § 416.1476(b)(1). R. 8. Courts in this District review additional evidence returned to a claimant under sentence six of 42 U.S.C. § 405(g) to determine whether remand is required. *See, e.g.*, *Wilson v. Colvin*, No. 7:13cv113, 2014 WL 2040108, at *3–4 (W.D. Va. May 16, 2014) (Conrad, C.J.). Under sentence six, courts review the entire record to determine whether the evidence is new, material, and related to the period on or before the date of the ALJ's decision. *See Wilkins*, 953 F.2d at 96. In addition, the claimant must show good cause for his or her failure to submit the evidence when the claim was before the Commissioner and "must present the remanding court at least a general showing of the nature of the new evidence." *Owens v. Astrue*, No. 7:09cv263, 2010 WL 3743647, at *4 (W.D. Va. Sept. 22, 2010) (citing *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985)). Courts may not attempt to weigh the new evidence or resolve conflicts with existing evidence; if the new evidence "is contradictory, presents material competing testimony, or calls into doubt any decision grounded in the prior medical reports," then it is conceivable that the ALJ would have reached a different result upon considering it, and

7

the court must remand. *Dunn v. Colvin*, 973 F. Supp. 2d 630, 642 (W.D. Va. 2013) (citing *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996)).

Hamm submitted five additional medical records to the Appeals Council and this Court: (1) a consultative examination by Dr. Robert B. Stephenson, M.D., Pl. Br. Ex. 1, at *1–6, ECF No. 14-1, (2) an MRI from Northern Hospital of Surry County taken on November 15, 2010, *id.* Ex. 2, at *1–2, ECF No. 14-2, (3) medical records from Dr. Athar dated July 20, 2010, through June 20, 2011, *id.* Ex. 4, at *28–41, ECF No. 14-4, (4) a medical-source statement by Heather Osborne, M.S.N., F.N.P-C., *id.* at *7–8, and (5) medical records from the Pain Center of Mount Airy dated March 1, 2011, through February 6, 2012, *id.* Exs. 2–4, ECF Nos. 14-2, 14-3, 14-4.

The Appeals Council found that all five medical records did not relate to the relevant period and were thus immaterial. R. 8 (stating that the records concerned "a later time," and did "not affect the decision about whether [Hamm was] disabled beginning on or before October 29, 2010," the date of the ALJ's decision). The Appeals Council and the Commissioner in her brief argue that the evidence does not relate to the relevant period simply because it is dated after the ALJ's opinion. This argument is incorrect.

Determining whether evidence is related to the relevant period requires more than asking if it is dated before or after the ALJ's decision. *See, e.g.*, *Barts v. Colvin*, No. 4:13cv23, slip op. at 11 (W.D. Va. July 3, 2014) (Hoppe, M.J.), *adopted by* 2014 WL 3661097 (July 22, 2014); *Wilson*, 2014 WL 2040108, at *4. Evidence dated after the ALJ's decision relates back if it provides additional insight into impairments the claimant suffered while the ALJ was reviewing his case. *See Wilson*, 2014 WL 2040108, at *4 (finding that evidence met this standard when it "relate[d] to physical problems, and related subjective symptomology, which were addressed by the [ALJ] in his opinion"). Conversely, evidence is not related when it is not representative of the

8

claimant's condition at the time of the ALJ's decision, such as when his condition has deteriorated or a new condition has developed. *See Dunn*, 973 F. Supp. 2d at 643 (citing *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008)) ("[I]f a social security claimant develops additional impairments or those impairments worsen after his first application for benefits, the proper recourse is to submit a new application.").

Of the additional evidence Hamm submitted, at least Dr. Stephenson's evaluation and the MRI are new and material. To begin with, both records were submitted to the Appeals Council and this Court, so Hamm did not fail to submit the evidence while his claim was before the Commissioner and he has fully informed this Court of its nature. On April 27, 2012, Dr. Stephenson physically examined Hamm and reviewed his medical record. Pl. Br. Ex. 1, at *1–6. He gave an opinion of Hamm's functional abilities similar to, yet slightly less restrictive than, Dr. Athar's. *Compare, e.g., id.* at *3 (opining that Hamm can stand or walk one to two hours and sit up to four to six hours in an eight-hour workday), *with* R. 424 (opining that Hamm can stand, walk, or sit less than two hours in an eight-hour workday). Dr. Stephenson's evaluation is not cumulative; it is the only evidence from him in the record, and it is based upon an independent examination as well as a full review of the record as of April 27, 2012. Neither the ALJ nor the Appeals Council considered it. Further, it materially contradicts the opinions of Dr. Humphries and the state-agency physicians while lending some support to Dr. Athar's opinion and Hamm's testimony.

The Commissioner argues that Dr. Stephenson's opinion does not relate to the relevant period because it was given a year and a half after the ALJ's decision. Def. Br. 12–14. In an email, however, Dr. Stephenson opined that the limitations he found extended back to December 15, 2009, Hamm's alleged onset date of disability. Pl. Br. Ex. 1, at *6. In her brief, the

9

Commissioner contends that this statement by Dr. Stephenson has no basis absent a treating relationship spanning December 15, 2009. Def. Br. 13. The Appeals Council, however, did not provide any explanation for finding that Dr. Stephenson's opinion did not relate to the relevant period. R. 8. This Court may not in the first instance determine the period to which a medical opinion applies by substituting its own judgment for that of the opining physician. Dr. Stephenson reviewed the medical record and explicitly related his opinion back to the relevant period; it is not this Court's role to question that determination. *See Gray v. Astrue*, No. 7:12cv81, 2013 WL 4463806, at *6 (W.D. Va. Aug. 16, 2013) (finding that a consultative opinion issued three years after the relevant period related back when the physician explicitly stated it did).[5]

The MRI from Northern Hospital of Surry County is likewise new and material evidence. *Id*. Ex. 2, at *1. Imaging of Hamm's cervical spine had not been taken since an x-ray on November 4, 2008. R. 370. The MRI provides more detailed and recent diagnostic information on Hamm's cervical spine than exists in the record and is thus not cumulative. Pl. Br. Ex. 2, at *1. Further, it relates to Hamm's back pain and was taken on November 15, 2010, less than three weeks after the ALJ's decision. *Id.* The MRI's materiality is not as obvious, as its findings are overall mild. *Id.* Nevertheless, the MRI provides new objective evidence demonstrating that Hamm's degenerative condition extended upwards into his cervical spine. *Id.* Even with mild findings, the MRI lends some amount of additional support to Hamm's testimony and Dr.

---

[5] The Commissioner attempts to distinguish *Gray* by noting that the consultative examination in *Gray* was completed prior to the ALJ's decision. Def. Br. 13–14. This argument misses the mark. In *Gray*, the consulting physician, who also happened to be Dr. Stephenson, reviewed the record for the first time three years after the Gray's last-insured date. 2013 WL 4463806, at *6 n.7. Dr. Stephenson opined that his evaluation, done in June 2011, related back to May 2006. The Court found that his opinion related to the relevant period based upon this statement; whether Dr. Stephenson's opinion was given before or after the ALJ's decision did not factor into the Court's analysis. *Id.*

10

Athar's opinion, and it could implicate further postural limitations. Whether this MRI can outweigh the rest of the evidence in the record is questionable. It is not this Court's role to weigh newly submitted evidence, but only to determine whether it is new and material. *Dunn*, 973 F. Supp. 2d at 642; *see Wooding v. Comm'r of Soc. Sec.*, No. 4:10cv6, 2010 WL 4261268, at *2 (W.D. Va. Oct. 28, 2010) (Kiser, J.) (quoting 42 U.S.C. § 405(g)) (explaining that sentence six only "gives this Court the power to remand the case for 'additional evidence to be taken'"). The November 2010 MRI is diagnostic evidence that was not before the ALJ and "calls into doubt [his decisions] grounded in the prior medical reports," such as his opinion weight and RFC assessment. *Dunn*, 973 F. Supp. 2d at 642. As such, it should be considered by the ALJ.

The additional records submitted to the Appeals Council are of either no or questionable materiality. Because I find remand necessary, I leave it to the Commissioner to assess these additional records.

## IV. Conclusion

For the foregoing reasons, I find that remand for consideration of new evidence is appropriate. Therefore, I recommend that this Court **GRANT IN PART** Hamm's Motion for Summary Judgment, ECF No. 13, **DENY** the Commissioner's Motion for Summary Judgment, ECF No. 18, and **REMAND** this case for further administrative proceedings under the sixth sentence of 42 U.S.C. § 405(g).[6]

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such

---

[6] Pursuant to a sentence six remand, the Court shall retain jurisdiction in this matter pending the Commissioner's determination on remand and further action by either party. *See Wilson*, 2014 WL 2040108, at *5.

proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Jackson L. Kiser, Senior United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: December 23, 2014

Joel C. Hoppe
United States Magistrate Judge